UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK SHAFFER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:04CV00553 ERW (AGF) |
| ) | |
| MARY RIORDEN, ) | |
| ) | |
| Respondent, ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the pro se petition of Missouri state prisoner Mark Shaffer for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action was referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b) for recommended disposition. For the reasons set forth below, the Court recommends that the habeas petition be dismissed as barred by the one-year statute of limitations of 28 U.S.C. § 2254(d)(1).

**BACKGROUND**

The record establishes that on October 2, 2001, Petitioner pled guilty to one count of first-degree statutory sodomy. On December 13, 2001, he was sentenced under Missouri's "probation callback" statute, Mo. Rev. Stat. § 559.115, to 12 years imprisonment, with a request that the Missouri Department of Corrections ("MDOC") place him in its Sex Offender Assessment Unit, and an order that MDOC file a report no

later than April 10, 2002, recommending whether probation should be granted. Resp. Ex. 1 at 5-7, Doc. #6. The state court docket sheet indicates that the "callback hearing" was scheduled for May 7, 2002. See www.courts.mo.gov/casenet/ Case No. 42R020000065, docket entry dated May 3, 2002. The record indicates that Petitioner entered MDOC on January 2, 2002.[1] Resp. Ex. 1 at 1, 10.

Petitioner asserts that he was informed by MDOC that he was not eligible for sentencing under § 559.115 due to the nature of his crime. Indeed, subsection 8 of § 559.115 provides that probation may not be granted pursuant to that section to offenders convicted of, among other crimes, first-degree statutory sodomy. The docket sheet entry dated May 7, 2002, reflects that the sentencing court held the § 559.115 callback hearing on that day, and states, "Court, having lost jurisdiction herein, case closed." See www.courts.mo.gov/casenet/ Case No. 42R020000065.

Petitioner had 90 days from when he entered MDOC, or until April 2, 2002, to file a post-conviction motion to vacate, set aside, or correct his conviction or sentence, pursuant to Missouri Rule of Criminal Procedure 24.035(b).[2] Petitioner states in his federal habeas petition that he did not file such a motion due to the 90-day filing

---

[1] Petitioner states in his federal habeas petition that he entered MDOC "on or around January 7, 2002." Any discrepancy on this matter is not material.

[2] As of January 1, 2003, Rule 24.035(b) was amended to provide that if no appeal from the judgment or sentence sought to be vacated, set aside, or corrected was taken, the motion could be filed within 180 days of the date the person was delivered to the custody of the MDOC.

2

deadline, but rather filed a petition for state habeas corpus relief under Missouri Supreme Court Rule 91.[3] The Rule 91 petition was filed "provisionally," without payment of the filing fee, on February 10, 2003, and filed officially on February 27, 2003. The petition was summarily denied on March 5, 2003. Resp. Ex. 1 at 13. On June 30, 2003, the Missouri Court of Appeals dismissed the appeal from the denial, for lack of appellate jurisdiction, noting that under Missouri law, an appeal does not lie from a decision in a habeas proceeding, and that a petitioner's remedy was by way of a successive habeas petition. Id. at 11. The mandate from the appellate court issued on August 1, 2003. See id. at 12.

On December 18, 2003, Petitioner filed a petition for a writ of certiorari in the Missouri Supreme Court, and, as Petitioner states in his federal habeas petition, the certiorari petition was summarily denied on January 27, 2004, with the mandate issuing on that day. See www.courts.mo.gov/casenet/ Case No. SC85729.

Petitioner's present federal habeas action was signed on May 4, 2004, which the Court shall deem to be the filing date of the petition.[4] See Smith v. Roper, No.

---

[3] This was the only avenue of relief open to Petitioner in state court. See Brown v. Missouri, 66 S.W.3d 721, 731 (Mo. 2002) (en banc) (holding that Rule 91 provides the proper avenue for relief "in those limited circumstances" in which a petitioner asserts a claim of the type enumerated in Rule 24.035, but which it time-barred under that rule, and the petitioner can meet the applicable cause and prejudice or manifest injustice standard).

[4] The petition bears a postmark of May 16, 2004, and was received by the Court on May 19, 2004.

3

4:03CV907 HEA (TIA), 2005 WL 2674942, at *2 n.1 (E.D. Mo. Oct. 20, 2005) (absent evidence to the contrary, the date upon which a habeas petitioner signed the petition is sufficient indicia that he delivered it on that date to prison authorities for mailing, which date, under the prison mailbox rule, becomes the date of filing). Petitioner claims that the State breached its plea agreement that he would receive an opportunity for probation under the callback statute, and that his guilty plea was involuntary because it was based upon representations of defense counsel, the prosecutor, and the sentencing court that Petitioner would be considered for probation under that statute.

Petitioner asserts in his federal habeas petition that the petition was timely filed under 28 U.S.C. § 2244(d)(1). This section requires a state prisoner seeking federal habeas relief to file his petition within one year from the latest of:

> (A) the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> \*   \*   \*
> or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner argues that the "factual predicate" of his involuntariness claim was not reasonably discoverable until May 7, 2002, when the sentencing court did not sentence

4

him to probation, stating that it had lost jurisdiction to do so. Thus, according to Petitioner, § 2244(d)(1)(D) applied, and his one year began to run on May 7, 2002. Petitioner further argues that each of his three post-conviction filings in state court (the Rule 91 petition; the appeal from the denial of that petition, which appeal Petitioner argues should have been construed as a habeas petition; and the petition for a writ of certiorari, which Petitioner also asserts should have been construed as a habeas petition) then tolled the one-year limitations period under 28 U.S.C. § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner argues, alternatively, that the present action should be deemed timely under § 2244(d)(1)(B), due to "impediments" of constitutional magnitude created by the State, which prevented him from filing the present action on time. The impediments Petitioner asserts are the State's failure to provide him with adequate legal assistance, but rather assigning him inmate law clerks who were untrained in state and federal habeas filing requirements and who had no legally-trained supervisor; failure to notify him of habeas filing requirements; and failure to provide adequate "assistance in its law library service."

Respondent essentially argues that the one-year statute of limitations began to run on December 24, 2001, the date that the time for filing a direct appeal from his sentence imposed on December 13, 2001, expired pursuant to Missouri Rule of Criminal

Procedure 30.01(d), which provides that an appeal must be filed within ten days of judgment.[5]  Respondent argues that the tolling provision of § 2244(d)(2) did not come into play, as Petitioner did not seek state collateral review of his conviction and sentence until February 10, 2003, which was more than one year after the federal habeas limitations period began to run.  Respondent also contends that the alleged lack of legal knowledge or legal resources is not sufficient reason for equitable tolling of the statute.  Equitable tolling is warranted where a petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In his traverse, Petitioner explains that he was not asserting the lack of adequate legal assistance and law library services as grounds for equitable tolling, but rather as grounds for finding that the one year did not begin to run on December 24, 2001, under § 2244(d)(1)(A).  His position is that the date that the one year began to run is governed by § 2244(d)(1)(B), due to the impediments erected by the State in providing him with the assistance of inmate law clerks who were untrained in the law, who misinformed him about the state's habeas procedural rules and did not inform him of the one-year limitations period for filing a federal habeas action.  Petitioner asserts that he only received adequate legal assistance when another inmate assisted him in filing the federal habeas petition and the traverse.

---

[5]  Ten days after December 13, 2001, was December 23, 2001, which was a Sunday.

**DISCUSSION**

As Respondent notes, Petitioner's conviction became final for purposes of filing a direct appeal on December 13, 2001. See Missouri v. Nelson, 9 S.W.3d 687, 688-89 (Mo. Ct. App. 1999). The Court believes, however, that Petitioner makes a persuasive argument that the one-year period within which he had to file a federal habeas petition challenging the voluntariness of his guilty plea began to run on May 7, 2002, the date that the sentencing court stated that it did not have jurisdiction under the callback statute. But granting Petitioner this point does not avail him, as the one year limitations period was not tolled until February 10, 2003, or 278 days later,[6] with the (provisional) filing of Petitioner's Rule 91 petition, leaving 87 days remaining in the one-year limitations period.[7] Even assuming that the filing of an appeal from the denial of state habeas relief further tolled the federal limitations period, that tolling would have ended on August 1, 2003, when the state appellate court mandate issued. See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (holding that an application for post-conviction review in Missouri is "pending" for tolling purposes under § 2244(d)(2) until the mandate of the appellate court

---

[6] Under the Federal Rules of Civil Procedure, computation of time periods excludes "the day of the act, event, or default from which the designated period of time begins to run." Fed. R. Civ. P. 6(a). Additionally, "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday." Id.

[7] The time between when the statute begins to run and the date that an application for state post-conviction relief is filed counts against the one-year federal limitations period. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 854 (8th Cir. 2003).

7

is issued). The limitations period would not have been further tolled for the next 90 days in which he could have filed for certiorari review by the United States Supreme Court. See Snow v. Ault, 238 F.3d 1033, 1035-36 (8th Cir. 1002) (holding that the limitations period is not tolled for the 90 days during which a petitioner could have filed for certiorari review by the United States Supreme Court following the state appellate court's affirmance of the denial of post-conviction relief). Thus, giving Petitioner the benefit of the doubt on several relevant matters, the one year would have expired on October 27, 2003 (87 days after August 1, 2003), rendering Petitioner's federal habeas petition, which was not filed until May 4, 2004, untimely.

The filing on December 18, 2003, of the state certiorari petition, even if construed as a successive habeas petition, would not have extended the already-expired limitations period. See Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 2003) (explaining that the one-year limitations period was not tolled by an application in state court for post-conviction relief, where the application was not pending during the relevant time period); Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (per curiam) (declining to decide whether a pending Rule 91 proceeding qualified as "other collateral review" because petitioner's Rule 91 petition was not pending during the running of the one-year limitations period).[8]

---

[8] Even taking January 27, 2004, when the Missouri Supreme Court's mandate issued denying certiorari, as the date that tolling ended, Petitioner would have had only 87 days from then, or until April 26, 2004, to file for federal habeas relief.

Petitioner's argument that his federal habeas petition should be deemed timely due to the "impediments" erected by the State in not providing him with adequate legal assistance or law library access is without merit. A petitioner relying § 2244(d)(1)(B) for the limitations period must allege facts that establish that he "was so inhibited by the State's action that he was unable to file and state a legal cause of action before the limitation period expired." Neuendorf v. Graves, 110 F. Supp. 2d 1144, 1153 (N.D. Iowa 2000) (citation omitted); see also Maclin v. Robinson, No. 01-1717, 2003 WL 22089274, at *3 (6th Cir. Sept. 8, 2003) (holding that limiting an inmate's access to a law library to approximately one and a half hours a week did not constitute a state-created impediment for purposes of § 2244(d)(1)(B)); Lloyd v. Vannatta, 296 F.3d 630, 633 (7th Cir. 2002) (holding that although § 2244 does not define what constitutes an "impediment" for purposes of § 2244(d)(1)(B), "the plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition").

The Eighth Circuit and district courts in the Circuit have rejected arguments similar to those raised by Petitioner here, in the context of considering whether equitable tolling was applicable. See, e.g., Baker v. Norris, 321 F.3d 769, 771-72 (8th Cir. 2003) (holding that a prison rule limiting inmate access to the law library to two hours at a time unless prior approval for longer was obtained, and inmate's ignorance of the limitations period, were not circumstances which made it impossible for habeas petitioner to file her petition on time so as to warrant equitable tolling); Greene v. Washington, No. 00-1115, 2001 WL 817524, at *1 (8th Cir. July 20, 2001) (per curiam) (same where post-

conviction attorney mistakenly advised petitioner about limitations period); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (stating that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); Shoemate v. Norris, No. 4:00 CV 00867 WRW, 2003 WL 23989923, at *6-7 (E.D. Ark. July 25, 2003) (stating that "[a]s a whole, [decisions in the Eighth Circuit] establish that pro se status, lack of knowledge or legal resources, confusion about or miscalculation of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings, are inadequate to warrant equitable tolling"; citing cases).  The Court believes that the rationale for rejecting these equitable tolling arguments also applies to Petitioner's state-created impediment argument.  See Maclin, 2003WL 22089274, at *3.

The Court notes that in Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam), the Ninth Circuit held that a pro se petitioner's lack of knowledge of the one-year statute of limitations coupled with the unavailability in the prison law library of a copy of the law setting forth the limitations period may constitute a state-created impediment for purposes of § 2244(d)(1)(B) and grounds for equitable tolling.  This, however, is not that case.  Petitioner does not assert that the prison law library did not include the relevant information, but only that "'mere' access to legal books with 'verbal-only' assistance from untrained Inmate Law Clerks is simply an inadequate administrative process."  Traverse at 8.

In sum, the Court concludes that the one-year statute of limitations in the present

case began to run on May 7, 2002, and was statutorily tolled from February 10, 2003, through August 1, 2003, at the latest. The Court further concludes that Petitioner is not entitled to equitable tolling. Thus, Petitioner's habeas action, which was filed (signed) on May 4, 2004, is time-barred. Lastly, the Court concludes that even if a claim of "actual innocence" avoids the time limitations imposed in § 2244(d)(1), see Neuendorf, 110 F. Supp. 2d at 1155-60, Petitioner has failed to assert his entitlement to such an exception, nor does the record support its application here. The Court need not address Respondent's alternative argument that Petitioner "does not appear to have exhausted state remedies" by failing to file an original Rule 91 petition in the state appellate and highest courts.

## CONCLUSION

Petitioner's habeas action was not filed within the one-year statute of limitations and equitable tolling of the limitations period is not warranted. The Court does not believe that "reasonable jurists" might find the Court's decision "debatable or wrong," for purposes of issuing a certificate of appealability under 28 U.S.C. § 2253(c)(1)(A). See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (setting forth the standard for issuing a certificate of appealability); Langley v. Norris, 465 F.3d 861, 862-63 (8th Cir. 2006) (same).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition of Mark Shaffer for habeas corpus relief be **DISMISSED** as time barred.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be denied.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that the failure to file timely objections may result in a waiver of the right to appeal questions of fact.

```
                                   _____
                                   AUDREY G. FLEISSIG
                                   UNITED STATES MAGISTRATE JUDGE
```

Dated this 19th day of January, 2007.